### J. S. & C. E. HAMMETT

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed September 10, 1889.*

1. WATERS—*damages caused by erection of dam by State.* Erection of dam by State resulting in overflow of river and consequent injury to claimant's lands will entitle claimant to an award for the actual damage received.

2. PRACTICE—*claim not barred by statute of limitations.* Above claim being filed within two years after the closing of the dam in question is not barred by statute of limitations.

The petition filed in this case alleges, that the claimants are the legal owners of the following described real estate to-wit: The east fractional half of the northeast quarter of section three (3) township eleven (11) north, range nine (9) east of the 4th P. M., containing thirty-two (32) acres all damaged, $7.00 per acre, and the southeast quarter of section thirty-four (34) township twelve (12) north, range nine (9) east of the 4th P. M. containing 146 70-100 acres of which fifty (50) acres are damaged $7.00 per acre.

The petition charged that the damages were caused by the construction of the dam by the State of Illinois across the Illinois river at or near Copperas Creek, that said dam was constructed in the month of October A. D. 1877, that said dam left the water at said dam six and one-half feet at the point where said dam was constructed and in the river opposite said lands from two (2) to three (3) feet higher than it would be, but for said dam, that thereby said lands have become water soaked and soft to such an extent that they no longer bear animals with safety, and have become unproductive

and liable to frequent destructive overflows and are worthless and will remain so forever; that claimant is damaged thereby to the amount of $584.00.

The Attorney General in his answer denies claimants' legal right to recover upon the facts stated, and that claimants failed to file their claim within two (2) years and that their claim is therefore barred by the statute of limitations. The Commission is empowered among other things to hear and determine all claims against the State for the taking or damaging of private property by the State for public purposes, in the construction or for the use of any State institution, river, canal or other public improvement which have not already been barred by any statute or law of limitation. (Laws of 1889, page 90). The claim in this case is for damaging the private property of the claimants in the construction of the Copperas Creek dam by backing the water upon the lands described in the petition and rendering said lands unproductive and liable to frequent destructive overflows; that said lands have thereby become water soaked and entirely worthless, which condition is the result of the construction and maintaining said dam at Copperas Creek. The Copperas Creek dam was completed and was closed on the 21st day of October, A. D. 1877, and claimants' petition was filed with the Auditor on the 20th day of October, A. D. 1879, within two (2) years from the closing of said dam; the claim is therefore not barred by the statute of limitations.

The claimants' as the only heirs of James Hammett, who was the patentee of said lands, appear to be the legal owners of said lands. The evidence in this case is conflicting as to the amount of damages sustained but that these lands have to some extent been damaged we have no doubt. The witnesses produced on the part of the claimants state that 80 acres of said lands have been damaged, that between twenty-three (23) and thirty (30) acres had for about thirty (30) years prior to the construction of the dam been successfully cultivated and that some ten (10) acres had annually

produced from twelve (12) to fifteen (15) tons of hay. The balance of the eighty claimed to be damaged is and has always been timbered land, and the witnesses do not attempt to explain in what way this timbered land is damaged.

Claimants' witnesses estimate the damage at from $7.00 to $10.00 per acre to the entire tract.

Robert Wilson, the surveyor appointed by the Claims Commission under a law then in force, to go on said lands and make a survey and report such notes and profiles to said Commission as the Commission may direct, (see Starr and Curtis' statute, volume 1, page 741) after being first sworn as such surveyor did go upon said lands and after making his survey, etc., in his special report as to claimants lands, says, speaking of the tract in section three (3) "this tract embraces a strip of land along the river bank, some of it once cultivated; it is about nine (9) feet elevation; I don't think it seriously damaged." As to the tract in section thirty-four (34) he says "the lands in this tract are all more than nine (9) feet plus L. W. do not consider them seriously damaged." As a result of his observations Mr. Wilson states that the lowest lands cultivated at any time along the river were found to be nine (9) feet above low water mark at the river opposite the lands. Thirty (30) years before the construction of the dam and up to the time said dam is closed these lands are regularly farmed with good results. The dam was constructed in 1877; in 1878 no crops were raised; in 1879 an inferior crop was produced and when Mr. Wilson comes to examine these tracts in 1882 he finds that the lands as he says were or had been once cultivated.

From the evidence in this case we are of the opinion that claimants' lands for farming purposes have been damaged; that said damage was caused by the construction of Copperas Creek dam and that so far as their usefulness for cultivation is concerned the damage is permanent. These lands may be and doubtless are valu-

able for pasturage during at least part of the year. We have fixed the damage sustained by this claimant at three hundred and fifty dollars ($350.00.)